

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Artie Stephens
County Attorney
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. 0-3288
Re: Does the commissioners' court
have the power to reduce the
salary of the county treasurer
to $600.00 per annum where the
treasurer received a salary
of $1600.00 in the year of
1935, and a related question?

    Your telegram of July 8, 1941, requesting an opinion
of this department upon the questions herein stated has been
received.

    Your telegram reads in part as follows:

    "Does Commissioners Court have power to re-
duce salary of County Treasurer to $600.00 where
Treasurer received salary of $1600.00 in 1935.
For further facts see letter of Treasurer dated
July 6, 1941."

    The letter of the County Treasurer referred to above
sets out the following facts:

    "Up until January 1, 1933, the County Treas-
urer received two thousand dollars ($2,000) per
annum, which was, I believe, the maximum amount
of fees he was allowed by state law to retain.
During the years 1933-1940, inclusive, he receiv-
ed sixteen hundred dollars ($1600) per annum, but
at the beginning of the current year the salary
was reduced from this $1600 figure to six hundred
dollars ($600), a reduction of an even thousand
dollars.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"In December, 1939, the Commissioners Court
publicly announced their intention of reducing
the treasurer's salary from $1600 to $600, begin-
ning January 1, 1941. . . ."

The questions submitted to this department for an
opinion are as follows:

"(1)  Did the Commissioners Court have the
legal authority to make such a reduction?

"(2)  If not, is the Commissioners Court leg-
ally obligated to pay the treasurer the difference
between the salary the treasurer should be re-
ceiving and the salary that he is actually re-
ceiving?"

According to the 1930 Federal Census, Hopkins County
had a population of 29,410 inhabitants, and according to the
1940 Federal Census, said county had a population of 30,274.

Section 13 of Article 3912e reads in part as follows:

"The commissioners court in counties having
a population of twenty thousand (20,000) inhabi-
tants or more, and less than one hundred ninety
thousand (190,000) inhabitants according to the
last preceding Federal Census, is hereby author-
ized and it shall be its duty to fix the salaries
of all of the following named officers, to-wit:
sheriff, assessor and collector of taxes, county
judge, county attorney, including criminal dis-
trict attorneys and county attorneys who perform
the duties of district attorneys, district clerk,
county clerk, treasurer, hide and animal inspec-
tor.  Each of said officers shall be paid in money
an annual salary in twelve (12) equal installments
of not less than the total sum earned as compensa-
tion by him in his official capacity for the fis-
cal year 1935, and not more than the maximum
amount allowed such officer under the laws exist-
ing on August 24, 1935. . . ."

Honorable Artie Stephens, page 3

This department has heretofore ruled on a number of questions similar to the first question presented in your inquiry. We are enclosing copies of the following mentioned opinions for your information. The opinions are Opinion No. 0-2998, 0-1354, 0-2973 and 0-1628.

In reply to your first question, under the above stated facts and in view of Section 13, Article 3912e, supra, and the authorities cited in the above mentioned opinions, you are respectfully advised that it is the opinion of this department that the commissioners' court of Hopkins County must fix the salary of the county treasurer at a sum not less than the total sum earned as compensation by the county treasurer in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officers under laws existing on August 24, 1935. Therefore, your first question as above stated is respectfully answered in the negative.

In this connection, we call your attention to Senate Bill No. 154, Acts of the 47th Legislature, 1941, amending Section 13 of Article 3912e, providing that in certain counties coming within a designated population bracket the commissioners' court is authorized to fix the salary of the county treasurer at any sum not less than $600 per year, and not more than $2700 per year. However, this statute does not become effective until January 1, 1943, and the population bracket designated in said statute does not include counties having the population of Hopkins County. Therefore, the above mentioned amendment to Section 13 of Article 3912e has no application to the question under consideration.

With reference to your second question, your attention is directed to the case of Nacogdoches County v. Winder, 140 S.W. (2d) 972 and the case of Nacogdoches County v. Jinkins, 140 S.W. (2d) 901 (error refused), the first mentioned case among other things holds in effect that the provisions of the statute authorizing the commissioners' court to fix the salary of a county clerk at any sum not less than a certain minimum and not more than a certain maximum are mandatory and cannot be ignored by members of the court at their discretion. This case further holds in effect that where the county commissioners' court rejected claims, presented to the county auditor, for

Honorable Artie Stephens, page 4

balances of salary due the district clerk of the county, such officer was authorized to institute suit against the county for such balances, though the claims were not audited and approved by the auditor, as it was the court's duty to audit and pass upon them.  We think that the above mentioned cases specifically answer your second question and in view of the holdings of said cases it is our opinion that the commissioners' court is legally obligated to pay the county treasurer the difference between the salary which he is legally entitled to and the salary which he is actually receiving.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUL 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:db

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN